1
**STEPHEN R. GOLDEN & ASSOCIATES**
**Attorneys at Law**
2  Stephen R. Golden, Esq. (State Bar No.163366)
Daniel D. Stevens, Esq. (State Bar No. 159281)
3  600 North Rosemead Boulevard, Suite 100
Pasadena, California 91107
4  Telephone:  (626) 584-7800
Facsimile:  (626) 568-3529
5  Email:        businesslaw@stephenrgolden.com

6  Attorneys for Plaintiff
**Hiroyuki Takeuchi**

7

8                    **UNITED STATES DISTRIC COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10  HIROYUKI TAKEUCHI, an
individual,                                    Case No. 8:13-CV-00636-JVS-AN

11                                     Plaintiff,     **OPPOSITION TO DEFENDANTS'**
                                                      **MOTION TO DISMISS PLAINTIFF'S**
12              vs.                                   **COMPLAINT FOR FAILURE TO**
                                                      **STATE A CLAIM UPON WHICH**
13  FREDDIE MAC MULTICLASS                            **RELIEF CAN BE GRANTED**
CERTIFICATES, SERIES 3484, a                          **[FRCP Rule 12(b)(6)]**
14  Business Entity Form Unknown;
FREDDIE MAC, CITI MORTGAGE,                           Date:     July 29, 2013
15  INC. a New York Corporation; CAL-                 Time:     1:30 a.m.
WESTERN RECONVEYANCE                                  Dept:     10C
16  CORPORATION, a California
Corporation; and DOES 1 through 50                    Complaint Filed:  March 18, 2013
17  inclusive,                                        Trial Date:

18                                     Defendants.

19

20

21              **MEMORANDUM OF POINTS AND AUTHORITIES**

22        Plaintiff HIROYIKI TAKEUCHI (hereinafter referred to as "Plaintiff")

23  respectfully submit the following Memorandum of Points and Authorities in

24  support of their Opposition to Defendants' FREDDIE MAC MULITICLASS

25  CERTIFICATES, SERIES 3484, a Business Entity Form Unknown (hereafter,

26  FREDDIE MAC), FREDDIE MAC and  CITI MORTGAGE INC. (hereinafter

27  "FREDDIE MAC, CITI") (hereinafter collectively referred to as "Defendants")

28

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 1

I. INTRODUCTION ..................................................................................2

II. STATEMENT OF FACTS .......................................................................2

III. LEGAL ARGUMENT ............................................................................4

    a. If Plaintiffs have not adequately pled each and every cause of action, leave to amend should be liberally granted ..................................................4

    b. The Homeowner's Bill of Rights (HBOR) does apply to Citi ....................5

    c. Plaintiff's Causes of Action under the Homeowner's Bill of Rights (1-10) are Viable ............................................................................5

        (i) Plaintiff's First and Third Causes of Action for HBOR violations are actionable ...........................................................7

        (ii) Plaintiff's Second Cause of Action for HBOR violation is actionable .......7

        (iii) Plaintiff's Fourth Cause of Action for HBOR violation is actionable ........8

        (iv) Plaintiff's Fifth and Sixth Causes of Action for HBOR violations are actionable ...........................................................8

        (v) Plaintiff dismisses its Seventh Cause of Action ..............................8

        (vi) Plaintiff's Eighth Cause of Action for HBOR violation is actionable .........9

        (vii) Plaintiff's Ninth and Tenth Causes of Action for HBOR violations Are actionable ...........................................................9

    d. Plaintiff has stated a Cause of Action for Breach of Contract .......................10

        (i) Plaintiff Performed his Obligation Under the Deed of Trust and Note .....................................................................10

        (ii) Defendant Breached ...............................................................10

    e. Plaintiff Has Stated a Claim for Breach of Implied Covenant of Good Faith and Fair Dealing .............................................................12

## TABLE OF CONTENTS

### (Continued)

Page

(i)    Plaintiff Substantially Performed Under the Deed of Trust and Note........12

(ii)   Plaintiff Has Bases to Support Their Cause of Action.........................13

f.    Plaintiff Has Stated a Claim to Quiet Title..............................................13

g.    Plaintiff Has Stated a Claim for Unjust Enrichment....................................16

h.    Plaintiff Has Stated a Claim for Accounting..............................................16

IV.    CONCLUSION.............................................................................................16

/ / /

TABLE OF CONTENTS AND TABLE OF AUTHORITIES

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Federal and State Cases</u>                                                                 <u>Page</u>

3

4   *Antonelle v. Kennedy & Shaw Lumber Co.*
        140 Cal. 309 (1903)..................................................................................11

5

6   *Ashcroft v. Iqbal*
        556 U.S. 662 (2009)..............................................................................4, 5

7

8   *Bank of Alameda County v. Hering*
        134 Cal.App. 570 (1933) ..................................................................... 12, 13

9   *Baucum v. Le Baron*
        136 Cal.App.2d 593 (1995)...................................................................13

10

11   *Bell Atlantic Corp. v. Twombly*
        550 U.S. 544 (2007).................................................................................4

12

13   *Debrunner v. Deutsche Bank National Trust Co.*
        204 Cal.App.4th 433 (2012) .................................................................... 9

14

15   *Dimock v. Emerald Properties*
        81 Cal.App.4th 868 (2000) .................................................................... 15

16

17   *First Commercial Mortgage Co. v. Reece*
        89 Cal. App. 4th 731, 745 (2001)........................................................... 10

18

19   *Gomes v. Countrywide Home Loans, Inc.*
        192 Cal.App.4th 1149 (2011)...................................................................9

20

21   *Guz v. Bechtel Nat. Inc.,*
        24 Cal. 4th 317, 349 (2000) .................................................................12

22

23   *Hauger v. Gates*
        42 Cal.2d 752 (1953)............................................................................. 14

24   *Hironymous v. Hart*
        52 Cal.App. 727 (1921)...........................................................................13

25

26   *Holly Sugar Corporation v. McColgan*
        18 Cal.2d 218 (1941)............................................................................ 11

27

28   *Humboldt Savings Bank v. McCleverty*
        161 Cal. 285 (1911)............................................................................... 14

**TABLE OF AUTHORITIES**
**(Continued)**

**Federal and State Cases**                                                    **Page**

*Jolley v. Chase Home Finance, LLC*
    213 Cal. App. 4th 872 (2013) ................................................................. 7

*Lopez v. Smith*
    203 F.3d 1122 (9th Cir. 2000)………………………………………….5

*Lona v. Citibank*
    W.L. 6391584 (2011) ............................................................................ 14

*Love v. Wolf*
    226 Cal. App. 2d 378 (1964) ................................................................. 7

*Mabry v. Superior Court*
    185 Cal.App.4th 208 (2010)................................................................... 14

*Moeller v. Lien*
    25 Cal.App.4th 822 (1994) ................................................................... 10

*Oculus Innovative Sciences, Inc. v. Nofil Corp.,*
    No. C 06-01686 SI, LEXIS 68535 (N.D. Cal. Sept. 10, 2007) ........... 12

*Onofrio v. Rice,*
    55 Cal. App. 4th 413 (1997) ................................................................. 14

*Pareto v. F.D.I.C.*
    139 F. 3d 696 (9th Cir. 1998) ................................................................ 4

*Parks Sch. Of Bus., Inc.*
    51 F.3d 1480 (9th Cir. 1995)………………………………………….4

*Pneucrete Corporation v. United States Fidelity and Guaranty Corporation*
    7 Cal.App.2d 733 (1935)…………………………………………….12

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*
    806 F.2d 1393 (9th Cir. 1986)………………………………….....…5

*Sprewell v. Golden State Warriors*
    266 F.3d 696 (9th Cir. 1998)………………………………………….4

/ / /

**TABLE OF AUTHORITIES**
**(Continued)**

**Federal and State Cases**                                                                                        **Page**

*Stockton v. Newman*
    148 Cal.App.2d 558 (1957) ........................................................................... 14, 15

*United States v. City of Redwood*
    640 F.2d 963 (9th Cir. 1981)………………………………………………..5

*W. Mining Council v. Watt*
    643 F.2d 618 (9th Cir. 1981)………………………………………………..4

*Whispering Pines Mobile Home Park, Ltd. v. City of Scotts Valley*
    180 Cal. App. 3d 152(1986) ........................................................................ 7


**FEDERAL STATUTES AND RULES**

*Federal Rules of Civil Procedure, Rule* 12(b)(6)……………………………….........2, 4

*Federal Rules of Civil Procedure, Rule* 15(a………………………………........................5

**CALIFORNIA STATUTES AND RULES**

*Civil Code § 26*………………………………………………………….15

*Civil Code § 1428*……………………………………………………….15

*Civil Code § 2920(a)*………………………………………………...……15

*Civil Code § 2923.5*.................................................................................. 3, 6, 7, 14

*Civil Code § 2924*..................................................................................... 6, 7, 15

*Civil Code § § 2924 – 2924k*……………………………………………...….9

*Civil Code § 2924(a)(6)*............................................................................. 6

*Civil Code § 2924.12(g)*............................................................................ 5

*Civil Code § 2924.17*................................................................................. 6

Judicial Counsel of California Civil Jury Instructions § 325 (2011) ............................ 13

1

**TABLE OF AUTHORITIES**
**(Continued)**

2

3

**Other Authority**                                                                 **Page**

4

Judicial Council of California Civil Jury Instructions § 325 (2011)....................................

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TABLE OF CONTENTS AND TABLE OF AUTHORITIES

1  Motion to Dismiss under FRCP Rule 12(b)(6)Plaintiff's Complaint (hereinafter

2  referred to as "Opposition").

3  **I.   INTRODUCTION**

4          By this action, Plaintiff seeks to both remedy the unlawful conduct

5  committed by Defendants, and their predecessors, in connection with the servicing

6  of their home loan, and to ensure that their interest in the subject property at issue

7  is protected, notwithstanding Defendants' faulty foreclosure proceedings, started

8  with the filing of a Notice of Default, filed on or about June 2, 2011.

9          In Plaintiff's' Complaint Plaintiff sets forth in great factual detail, the basis

10  for his claims, and methodically pleads all necessary elements to those claims.

11  Nevertheless, Defendants' Motion to Dismiss (hereinafter referred to as "MTD")

12  attacks the Complaint on various grounds, none of which stand scrutiny or cannot

13  be easily repaired by leave to amend.

14  **II.   STATEMENT OF FACTS**

15          Plaintiff is the rightful owner of certain real property located at 20161

16  Imperial Cove Lane, Huntington Beach, California, County of Orange, State of

17  California. 92646 (hereinafter referred to as "subject property").  On or about June

18  of 2008, Plaintiff obtained a loan from an entity known as PMC BANCORP

19  (hereinafter referred to as "PMC") for the refinance of the subject property.  On or

20  about June 10, 2008, Plaintiff entered into a consumer credit transaction with PMC

21  obtaining a $425,000.00 mortgage loan secured by the subject property.  This was

22  a variable rate promissory note (hereinafter referred to as the "note"), which was

23  secured by a First Deed of Trust (hereinafter referred to as "deed of trust") on the

24  subject property in favor of PMC.  On or about June 19, 2008, the deed of trust

25  securing the subject loan and encumbering the subject property was recorded with

26  the Orange County Recorder as Document No. 2008000293263.

27          Subsequent to June 2008, Defendants securitized the subject loan and the

1  deed of trust and the note were assigned into the FREDDIE MAC MULITICLASS

2  CERTIFICATES, SERIES 3484.  The pooled service agreement (hereinafter

3  referred to as the "PSA") requires that each note had to be endorsed and assigned,

4  respectively, to the trust and executed by multiple intervening parties before it

5  reached the trust.  Even if the note had been transferred into the trust by the closing

6  date, the transaction is still void as the note would not have been transferred

7  according to the requirements of the PSA, since the PSA requires a complete and

8  unbroken chain of transfers and assignments to and from each intervening party.

9  Moreover, the purported assignments and transfers of the Plaintiff's debt or

10  obligation did not comply with New York law, and/or other laws and statutes, and

11  thus, do not constitute valid and enforceable "true sales."  Any security interest in

12  the subject property was, thus, never perfected.  The alleged holder of the note is

13  not the beneficiary of the deed of trust.  The alleged beneficiary of Plaintiff's deed

14  of trust does not have the requisite title, perfected security interest or standing to

15  proceed; and/or is not the real party in interest with regard to any action taken or to

16  be taken against the subject property.

17      On June 2, 2011, a purported Notice of Default and Election to Sell Under

18  Deed of Trust (hereinafter referred to as the "Notice of Default") was recorded

19  with the Orange County Recorder as Document No, 2001000273426.  Prior to the

20  filing of the Notice of Default, Defendant failed to contact Plaintiff or attempt to

21  contact Plaintiff with due diligence in order to (a) assess her financial status and

22  (b) explore alternatives to foreclosure in violation of *California Civil Code*

23  *§2923.5*.  Moreover, the Notice of Default failed to contain certain information as

24  agreed to in the deed of trust, to the effect that Plaintiff has "the right to bring a

25  court action to assert the non-existence of a default or any other defense of

26  Borrower to acceleration and sale." The "right to bring a court action" is a

27  significant concept.  This material omission constituted a breach of the agreement.

28

## III.   LEGAL ARGUMENT

### a. If Plaintiff has not adequately pled each and every cause of action, leave to amend should be liberally granted

A Rule 12 (b) (6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d979, 988 (9th Cir. 2001); Parks Sch. Of Bus., Inc. v. Symington, 51 F.3d1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1   common sense." Iqbal, 556 U.S. at 663-64.

2          For all of these reasons, it is only under extraordinary circumstances that

3   dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City,

4   640 F.2d 963, 966 (9th Cir. 1981).

5          As a general rule, leave to amend a complaint which has been dismissed

6   should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be

7   denied when "the court determines that the allegation of other facts consistent with

8   the challenged pleading could not possibly cure the deficiency." Schreiber Distrib.

9   Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v.

10  Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

11          **b.  The Homeowner's Bill of Rights (HBOR) does apply to CITI**

12          Defendant's claim that CITI is not liable for violations of HBOR because

13  pursuant to Section 2924.12(g), it is a signator to the consent judgment entered in

14  the United States District Court for the District of Columbia, case number 1:12-cv-

15  00361RMC.

16          Defendants claim that Plaintiff has not alleged that CITI has not been in

17  compliance with the relevant terms of the Settlement Consent Decree.

18          Plaintiff disagrees with Defendant's assertion.  Plaintiff has alleged 10

19  specific violations of HBOR which it believes Defendant CITI is guilty of.  If

20  Plaintiff is required to make a technical statement requiring these violations

21  constituting Defendant's violations of the consent judgment entered into in

22  case#1:12-cv-00361RMC, Plaintiff is willing and able to make such allegations.

23          **c.  Plaintiff's Causes of Action under the Homeowner's Bill of Rights**

24          **(1 – 10)  are Viable**

25          Homeowner Bill of Rights (hereinafter referred to as "present HBOR") went

26  into effect January 1, 2013.  The Senate Rules Committee in its Conference Report

27  No. 1 for Bill SB 900 states that present HBOR "***Clariffies]*** that no entity shall

28  Takeuchi/Opp2Mtn2Dismiss                  5                  Case No.8:13-CV-00636-JVS-AN

initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust." *California Civil Code §2924(a)(6)* of the Homeowner Bill of Rights states that, "No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust…" present HBOR does not place new standards on an entity attempting to foreclose; it merely ***clarifies*** the law in existence prior to present HBOR, mainly that an entity trying to foreclose must produce the note or the deed of trust, and it is that entity's burden to do so. Moreover, *California Civil Code §2924.17* of the Homeowner Bill of Rights states, "**A declaration recorded pursuant to Section 2923.5**,… **an assignment of deed of trust**, or **substitution of trustee** recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924… shall be ***accurate*** and ***complete*** and supported by ***competent*** and ***reliable*** evidence. Again, present HBOR ***clarifies*** that this has been the law all along. To believe the contrary would mean that before present HBOR, assignments of the deed of trust and declarations accompanying those assignments attesting to ownership, among other facts, did not have to be accurate, complete or supported by competent and reliable evidence, and in other words, fraudulent. In this state, it is a felony to record such documents. This cannot be the law. Moreover, the purported evidence in support of the subject documents at issue in this case consists of **merely checking off boxes on a form declaration that recites statutory law, verified by an electronic signature, while the undersigned has no knowledge of the contents of that Declaration**. This does not even come close to meeting the standards of present HBOR let along the former 2008 Homeowner Bill of Rights.

     Moreover, in order to prove chain of title, Defendants asks the Court to examine the documents submitted in their Request for Judicial Notice. However,

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1   while a court may take judicial notice of public records, it any not take judicial
2   notice of all matters stated therein. *Love v. Wolf*, 266 Cal. App. 2d 378, 403
3   (1964). It is only proper for the court to take judicial notice if there is no question
4   of truth. *Whispering Pine Mobile Home Park, Ltd. V. City of Scotts Valley*, 180
5   Cal. App. 3d 152, 160-162 (1986); *See also*, *Jolly v. Chase Home Finance, LLC*,
6   213 Cal. App. 4th 872, 889 (2013) (held that it was improper to take judicial notice
7   of the content of a document, even where there was no dispute as to the
8   document's authenticity.

9       Moreover, Defendant argues that MERS had the authority to transfer the
10  subject loan and deed of trust to from the original beneficiary to Defendants.
11  However, the subject Deed of Trust does not authorize MERS to act on behalf of
12  Plaintiff's original lender. Notwithstanding, the Notice of Assignment was
13  recorded in the Officer of the Country Recorder of the County of Orange. MERS
14  did not and does not hold the beneficial interest in Plaintiff's real property and
15  Plaintiff alleges that MERS was merely a "nominee" under the Plaintiff's deed of
16  trust.

17      Plaintiff maintains that Defendants do not appear on the subject deed of trust
18  or promissory note, and are thus, strangers to the loan transaction. Moreover, any
19  purported assignment undertaken by MERS was done without the authority of the
20  deed of trust, and thus, the assignments do not any affect or force.

21       (i)    **Plaintiff's First and Third Causes of Action for HBOR**
22              **violations are actionable.**

23  Plaintiff's First and Third Causes of action are objected to by Defendants
24  strictly on their retroactivity argument, which Plaintiff has dealt with above.

25       (ii)   **Plaintiff's Second Cause of Action for HBOR violation is**
26              **actionable.**

27       On top of the retroactivity argument, Defendants have objected to Plaintiff's

28  
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1  Second cause of action for the reason that Plaintiff has not specifically alleged that

2  he has requested a Specific Point of Contact (SPOC) of the Defendants.  Plaintiff

3  alleges on information and belief that it can amend this cause of action to allege

4  that a SPOC has been requested.

5        (iii)    **Plaintiff's Fourth Cause of Action for HBOR violation is**

6                    **actionable**

7        On top of the retroactivity argument, Defendants have objected to Plaintiff's

8  Fourth cause of action for the reason that Defendants had no duty to review

9  Plaintiff for a loan modification in 2013, because it had already reviewed Plaintiff

10  for a loan modification in 2011. Plaintiff has already alleged that Defendants loan

11  modification review in 2011 was a run around with Plaintiff submitting

12  documentation over and over again, with Defendants continually making Plaintiff

13  resubmit documentation which he had already submitted. (Complaint ¶12). Also,

14  Plaintiff believes that it can allege facts showing that Plaintiff has changed

15  circumstances since any review in 2011, and is thereupon eligible for a new review

16  in 2013 under HBOR, prior to foreclosure on Plaintiff's property.

17        (iv)    **Plaintiff's Fifth and Sixth Causes of Action for HBOR**

18                    **violations are actionable**

19        On top of the retroactivity argument, Defendants have objected to Plaintiff's

20  Fifth and Sixth causes of action for the reasons that (1) Defendants had no duty to

21  review Plaintiff for a loan modification in 2013 because it had already reviewed

22  Plaintiff for a loan modification in 2013 and (2) Plaintiff fails to allege that a loan

23  modification application has been submitted in 2013.

24        As stated above, Plaintiff has alleged facts showing that the 2011 review was

25  a sham.  Plaintiff also believes that it can allege facts showing that Plaintiff has

26  changed circumstances since any review in 2011, and is thereupon eligible for a

27  new review in 2013 under HBOR, prior to foreclosure on Plaintiff's property.

28  Takeuchi/Opp2Mtn2Dismiss         8         Case No.8:13-CV-00636-JVS-AN

1    Secondly, Plaintiff can allege facts that it has submitted a loan modification

2    application in 2013.

3              (v)    **Plaintiff's drops it's Seventh Cause of action**

4        Plaintiff agrees to drop its' Seventh cause of action for violation of Civil

5    Code Section 2923.5.

6              (vi)   **Plaintiff's Eighth Cause of Action for HBOR violation is**

7                     **actionable**

8        On top of the retroactivity argument, Defendants have objected to Plaintiff's

9    Eighth cause of action for the reason that any defect in the Notice of Default could

10   have been mentioned in a prior lawsuit regarding foreclosure, and therefore

11   accordingly, res judicata and/or collateral estoppel should bar re-litigation of this

12   claim.  This argument does not hold water because a foreclosure has still not taken

13   place and HBOR has clarified Plaintiff's rights before his property can be

14   foreclosed upon.  Plaintiff has the right to protection of his property under HBOR.

15             (vii)  **Plaintiff's Ninth and Tenth Causes of Action for HBOR**

16                    **violations are actionable**

17       On top of the retroactivity argument and the res judicata agreement,

18   Defendants have objected to Plaintiff's Ninth and Tenth Causes of Action based

19   upon <u>Gomes v. Countrywide Home Loans, Inc.</u> (2011) 192 Cal.App.4th 1149

20   ,<u>Debrunner v. Deutsche Bank National Trust Co.</u> (2012) 204 Cal.App.4th 433 and

21   its' progeny.  Both <u>Gomes</u> and <u>Debrunner</u> rely heavily upon the comprehensive

22   framework of nonjudicial sales established by Civil Code sections 2924 through

23   2924k, and neither holding wishes to disturb the legislature's intent behind enacting

24   the process.  However, as of the enactment of SB 900 on July 11, 2012, which

25   amends and repeals certain sections of the Civil Code regarding nonjudicial sales as

26   of January 1, 2013, the legislative intent relied upon by these two holdings is no

27   longer a valid reason to follow the holdings in these cases.  The Legislature

28   Takeuchi/Opp2Mtn2Dismiss                    9                    Case No.8:13-CV-00636-JVS-AN

declared in Section 1(b) of SB 900 that "these changes to the state's foreclosure process are essential to ensure that the current [foreclosure] crisis is not worsened by unnecessarily adding foreclosed properties to the market when an alternative to foreclosure may be available." The "quick, inexpensive and efficient remedy against a defaulting debtor/trustor," as the process was described in <u>Moeller v. Lien</u> (1994) 25 Cal.App.4th 822, 830, will no longer exist. Therefore, the cases cited by Defendant are no longer relevant interpretations of statutory intent.

### d. **Plaintiff Has Stated a Cause of Action for Breach of Contract**

To state a claim for breach of contract, plaintiff must show the following: (1) a contract existed; (2) the plaintiff performed their duties or was excused from performing his duties under the contract; (3) the defendant breached the contract; and (4) the plaintiff suffered damages as a result of the breach. See *First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001).

The Complaint includes allegations sufficient to state a claim for breach of contact. The first element is satisfied by Plaintiff's allegations that the loan transaction was a contract. The home loan; i.e. the note secured by the deed of trust, constituted a contract between PMC, and its successors, and Plaintiff.

### i. **Plaintiff Performed his Obligations Under the Deed of Trust and Note**

Plaintiff has sufficiently plead the second elements, performance: "[b]y making payments on the loan, Plaintiff has performed his obligations under the First Promissory Note, but for those obligations they have been excused from performing by Defendants' breach." Comp. ¶99.

### ii. **Defendant Breached**

As for the third element, breach, "On information and belief, by virtue of the securitization of the First Promissory Note, these Defendants, and each of them,

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

have exceeded the scope of any purported assignment provisions that may be contained in the First Promissory Note and have breached same.  By so securitizing the First Promissory Note, said Defendants, and each of them, breached the terms thereof.  On information and belief, the First Promissory Note was assigned to an invisible trust or other entity that would have a financial incentive to encourage a default on the First Promissory Note in order to financially gain from foreclosing on the **PROPERTY.** Comp. ¶101. This material omission constituted a breach of the agreement.  Thus, Plaintiff was harmed by refraining from asserting their legal right to dispute the debt at the time the Notice of Default was filed.

Also, it is well-settled under California law that a party may plead a contract cause of action in the manner employed by the Complaint,-settled under California law that a party may plead a contract cause of action in the manner employed by the Complaint, *i.e.,* other than by quoting the contract terms verbatim or attaching a copy of the contract and incorporating it by reference. This issue of the sufficiency of pleading a breach of contract cause of action has been conclusively decided in favor of Plaintiff by respectively, the California Supreme Court, and the Appellate court: *Antonelle v. Kennedy & Shaw Lumber Co.* (1903) 140 Cal. 309, 320 [73 P. 966] ("Plaintiff did not set forth the contract in her complaint *in haec verba*.... But the legal effect of the contract… was pleaded, and the complaint stated a cause of action."); *Holly Sugar Corporation v. McColgan* (1941) 18 Cal.2d 218, 225-26 [115 P.2d 8] (emphasis added) (pleading breach of contract cause of action by attaching and incorporating the contract is *permissive, not mandatory* "It is well-settled that a written instrument which is the foundation of a cause of action *may* be pleaded in *haec verba*, rather than according to its legal effect, either by setting forth a copy on the body of a complaint or by attaching a copy…and incorporating it by proper reference."); *Bank of Alameda County v. Hering* (1933) 134 Cal.App.

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1  570,572 [25 P.2d 1004] (emphasis added) ("[I]t is well settled that a written

2  instrument *may be pleaded according to its legal effect* or in haec verba."); and

3  *Pneucrete Corporation v. United States Fidelity and Guaranty Company* (1935) 7

4  Cal.App.2d 733,735, 741 [46 P.2d 1000] (emphasis added) (the "amended

5  complaint alleged that the respondent furnished materials to [appellant] and that

6  [appellant] used the same, promised and agreed to pay therefor an agreed price,

7  and the money became due and was not paid. *That a contract may be pleaded in its*

8  *legal effect and need not be set forth in haec verba is thoroughly settled*").

9       **e.   Plaintiff Has Stated a Claim for Breach of Implied Covenant of**

10            **Good Faith and Fair Dealing**

11       The covenant of good faith and fair dealing is implied in every contract

12  (including the loan at issue here) and prevents one party from "unfairly frustrating

13  the other party's right to receive the benefits" of the contract. See, e.g. *Guz v.*

14  *Bechtel Nat. Inc.*, 24 Cal 4th 317, 349 (2000). To allege a claim for breach of the

15  covenant off good faith and fair dealing, a plaintiff must allege the following

16  elements: (1) the plaintiff and defendant entered into a contract; (2) the plaintiff did

17  all or substantially all of the things that the contract required him to do or that he

18  was excused from having to do; (3) all conditions required for the defendant's

19  performance have occurred; (4) the defendant unfairly interfered with the

20  plaintiff's right to receive the benefits of the contract; and (5) he defendant's

21  conduct harmed the plaintiff. *See* Judicial Counsel of California Civil Jury

22  Instructions § 325 (2011); see also *Oculus Innovative Sciences, Inc. v. Nofil Corp.*,

23  No, C 06-01686 SI, 2007 U.S. Dist. LEXIS 68535, at *4 (N.D. Cal. Sept. 10,

24  2007).

25       **i.   Plaintiff Substantially Performed Under the Deed of Trust**

26            **and Note**

27       Defendant confuses complete performance with substantial performance.  As

28  Takeuchi/Opp2Mtn2Dismiss                          12                    Case No.8:13-CV-00636-JVS-AN

1  started in the Complaint, Plaintiff paid under the note several tens of thousands of

2  dollars from 2006 to 2011.

3          **ii.  Plaintiff Has Bases to Support Their Cause of Action**

4       When Defendants securitized Plaintiff's loan, they took away their right to

5  the opportunity to bargain for a loan modification.  By securitizing the subject loan

6  into a trust, this disrupted the scheme for a borrower to negotiate a loan

7  modification.  Loan modification negotiations are between the borrower and the

8  servicer; however, a servicer cannot agree to a loan modification without owing the

9  beneficiaries under the pool service agreement for any negotiated reduction in

10  principle or interest.  Thus, the scheme essentially ties the hands of the servicer to

11  negotiate.

12       Moreover, the benefits of the contract included a limited scope of

13  assignment and contemplated privity with the Lender.  Unauthorized assignment of

14  the contract resulted in a lack of privity between the Plaintiff and any entity now

15  claiming ownership rights of the property, including Defendants.  Thus,

16  Defendants' conduct interfered with the benefits of the contract that Plaintiff

17  reasonably expected to enjoy.

18          **f.  Plaintiff Has Stated a Claim to Quiet Title**

19       An action for Quiet Title may be brought to establish against adverse claims

20  to real or personal property or any interest therein.  'The purpose of pursuing a

21  Quiet Title action is the Plaintiff's desire to have conflicting claims against an

22  interest in property settled.  Baucum v. Le Baron (1955) 136 Cal. App. 2d 593,

23  595."  "If the instrument was procured by fraud, accident, or mistake, the fraud,

24  accident or mistake should be pleaded…" Hironymous v. Hart (1921) 52 Cal App.

25  727, 731.

26       Defendant argues that tender of the full amount of the debt is necessary;

27  however, if defendants have no enforceable claim to the Property, and cannot

28  Takeuchi/Opp2Mtn2Dismiss         13         Case No.8:13-CV-00636-JVS-AN

1   produce any evidence that it acquired or possesses any rights to the property, then

2   full tender would be an onerous requirement to stop their frivolous claim.   Any

3   crook could file a Notice of Trustee's Sale and evict a homeowner.   If lack of

4   resources prevented the homeowner from having his day in court, how would he

5   prove that the thief had an illegitimate claim? *Mabry* states that a requirement of

6   tender would defeat the purpose of Civ. Code §2923.5. ***Mabry v.  Aurora Loan***

7   ***Services*, 185 Cal.App.4th 208 (2010)**.   The same principle applies where the

8   foreclosing party can offer no evidence that it is authorized to foreclose.

9        In the case of **Lona v.  Citibank (2011) W.L.  6391584**, the tender rule was

10   dealt a decisive blow.   First, if the borrower's action attacks the validity of the

11   underlying debt, a tender is not required since it would constitute an affirmation of

12   the debt.  (**Stockton v.  Newman, (1957) 148 Cal.App.2d 558,at 564**) *[trustor*

13   *sought rescission of the contract to purchase the property and the promissory note*

14   *on grounds of fraud]* ; **Onofrio v.  Rice (1997) 55 Cal.App.4th 413, 424**.

15        Second, a tender will not be required when the person who seeks to set aside

16   the trustee's sale has a counter-claim or set-off against the beneficiary.   In such

17   cases, it is deemed that the tender and the counter claim offset one another, and if

18   the offset is equal to or greater than the amount due, a tender is not required.

19   (**Hauger v.  Gates,(1954) 42 Cal.2d 752, 755.**)   In our case Plaintiff has a

20   potential counterclaim against the beneficiary for violation of HBOR, thus making

21   the tender requirement void.

22        Third, a tender may not be required where it would be inequitable to impose

23   such a condition on the party challenging the sale. (***Humboldt Savings Bank v.***

24   ***McCleverty* (1911) 161 Cal.  285, 291 (*Humboldt*)**.   In *Humboldt*, the Defendant's

25   deceased husband borrowed $55,300 from the Plaintiff bank secured by two pieces

26   of property.   The Defendant had a $5,000 homestead on one of the properties.  (*Id.*

27   at p.  287.) When the Defendant's husband defaulted on the debt, the bank

28

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1    foreclosed on both properties.  In response to the bank's argument that the

2    Defendant had to tender the entire debt as a condition precedent to having the sale

3    set aside, the court held that it would be inequitable to require the Defendant to

4    pay, or offer to pay, a debt of $57,000, for which she is in no way liable– to attack

5    the sale of her $5,000 homestead.10 (*Id.* at p. 291.)

6           Fourth, no tender will be required when the trustor is not required to rely on

7    equity to attack the deed because the trustee's deed is void on its face.  (***Dimock v.***

8    ***Emerald Properties*, 81 Cal.App.4th 868, 878** [beneficiary substituted trustees;

9    trustee's sale void where original trustee completed trustee's sale after being

10   replaced by new trustee because original trustee no longer had power to convey

11   property].)  In our case, Plaintiff is not depending on equity to attack the deed, but

12   upon the newly enacted Homeowner Bill of Rights.

13          In California, an obligation arises either from the contract of the parties or

14   by operation of law.  Cal. Civ. Code §1428; Cal. Code Civ. Proc. §26.  A mortgage

15   is a contract.  Cal. Civ. Code §2920(a).  A power of sale is conferred on the

16   mortgagee, trustee, or other person *by the mortgage*.  Cal. Civ. Code §2924.

17          **PMC** remained the Lender for no more than a few days until it sold the loan.

18   Thereafter, it was, at best, a servicer of the loan.  The Lender was the investment

19   trust that put up the money

20          Since **PMC** is not the Lender, it would violate the terms of the Note and the

21   Deed of Trust to dismiss the FAC and allow Defendants to foreclose..

22          Plaintiff holds a grant deed.   Plaintiff is ready, willing and able to resume

23   monthly payments to the owner of the note, but is who is legally entitled to receive

24   these funds from Plaintiff?  Defendants must show that they are the beneficiary of

25   the note, or that it is acting on behalf of the beneficiary with the beneficiary's

26   blessing.  This is Plaintiff's right under HBOR.

27

28

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1    Multiple banks may attempt to foreclose upon the same property.  Borrowers

2    who have already suffered foreclosure may seek to regain title to their homes and

3    force any new owners to move out.  Would-be buyers and sellers could find

4    themselves in limbo, unable to know with any certainty whether they can safely

5    buy or sell a home.  If such problems were to arise on a large scale, the housing

6    market could experience even greater disruptions than have already occurred,

7    resulting in significant harm to major financial institutions.  For example, if a Wall

8    Street bank were to discover that, due to shoddily executed paperwork, it still owns

9    millions of defaulted mortgages that it thought it sold off years ago, it could face

10   billions of dollars in unexpected losses.  (COP Report, p.4-5)

11        **g.  Plaintiff has stated a claim for Unjust Enrichment**

12        Defendants merely argue that they have a right to collect the loan, therefore

13   their receipt of the funds is not unjust enrichment. However, the unjust enrichment

14   cause of action is based on the allegations in the foregoing cause of action on the

15   grounds that Defendants have been taking money from Plaintiff despite the fact

16   that they have no right, title or interest in the Property as discussed above.

17   Assuming the truth of the allegations, which must be done here at the demurrer

18   stage, Defendants cannot claim entitlement to money, i.e. Plaintiff's previously

19   paid mortgage payments, when Plaintiff alleges that Defendants do not have any

20   right, title or interest in the Property.

21        **h.  Plaintiff Has Stated a Claim for Accounting**

22        Plaintiff does not know the exact amount of money that Defendants' have

23   been unjustly enriched so they seek an accounting to determine this.

24

25   **IV.    CONCLUSION**

26        For the foregoing reasons, Plaintiff respectively requests the Court to deny

27   Defendants' Demurrer, and compel Defendants to file a Verified Answer, either

28   Takeuchi/Opp2Mtn2Dismiss                16              Case No.8:13-CV-00636-JVS-AN

1    admitting or denying the allegations in the Complaint.  In the alternative, leave to

2    amend should be liberally granted for those causes of action the Court may deem

3    to require amendment.

4

5                                  LAW OFFICE of STEPHEN R. GOLDEN

6

7    Date: July 10, 2013                    _____/s/_____

8                                           Stephen R. Golden, Esq.
                                            Attorney for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Takeuchi/Opp2Mtn2Dismiss              17              Case No.8:13-CV-00636-JVS-AN

*Takeuchi v. Freddie Mac Multiclass Certificates*          Case No. 8:13-CV-00636-JVS-AN

## <u>PROOF OF SERVICE BY MAIL</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and a resident of the county aforesaid. I am over the age of eighteen years and not a party to the within entitled action. My business address is Stephen R. Golden & Associates, Attorneys at Law, 600 N. Rosemead Blvd., Suite 100, Pasadena, California 91107-2101. On July 10, 2013, I served on the persons below, the following:

**"OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED",**

Peter J. Salmon, SBN 174386
Christopher L. Peterson, SBN 215069
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA  92177-0935
Telephone:       (858) 750-7600; Facsimile:(61
Email: c-peterson@piteduncan.com

■    (CM/ECF Electronic Filing):  I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5A(d)(1).  "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1).  A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **July 10, 2013**, at Pasadena, California.

_____
Sharay Traylor
Stephen R. Golden & Associates

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED