UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 13-0636 AG (ANx) | Date | August 21, 2013 |
| Title | HIROYUKI TAKEUCHI v. FREDDIE MAC MULTICLASS CERTIFICATES, SERIES 3484, et al. | | |

Present: The Honorable ANDREW J. GUILFORD

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

**Proceedings:** [IN CHAMBERS] ORDER GRANTING MOTION TO DISMISS

Plaintiff Hiroyuki Takeuchi ("Plaintiff") filed this foreclosure-related lawsuit against Freddie Mac Multiclass Certificates Series 3484 and Freddie Mac (together, "Freddie Mac"), Citi Mortgage, Inc. ("Citi"), and Cal-Western Reconveyance Corporation ("Cal-Western"). Freddie Mac and Citi filed this Motion to Dismiss the Case ("Motion"). (Motion to Dismiss Case ("Motion"), Dkt. No. 7.) The Motion is GRANTED.

## BACKGROUND

The following facts come primarily from Plaintiff's Complaint, and for purposes of this Motion, the Court assumes them to be true. The Court also considers public records that are appropriate for judicial notice, as stated in the Preliminary Matters Section of this Order.

Plaintiff owns property in Huntington Beach, California (the "Property"). (Compl. ¶ 8.) Plaintiff obtained a $425,000 loan secured by a Deed of Trust from PMC Bancorp ("PMC"). (*Id.* ¶ 10.) This transaction apparently occurred in June 2008, although Plaintiff's Complaint states that it happened in March 2004. (*Compare* Defendants' Request for Judicial Notice ("RJN"), Dkt. No. 5-2, Exh. A (deed of trust dated June 19,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-0636 AG (ANx) | Date | August 21, 2013 |
|---|---|---|---|
| Title | HIROYUKI TAKEUCHI v. FREDDIE MAC MULTICLASS CERTIFICATES, SERIES 3484, et al. | | |

2008) *to* Compl. ¶ 10 (stating that transaction happened in March 2004).) The Deed of Trust was recorded on June 19, 2008. (RJN, Exh. A.) It designated Mortgage Electronic Registration Systems, Inc. as the beneficiary and the nominee for PMC. (*Id.*, Exh. A.) The beneficial interest was later transferred to Citi and then to Freddie Mac. (*Id.*, Exhs. C, D.) Cal-Western was substituted as a trustee in July 2011. (*Id.*, Exh. G.)

In 2011, "Plaintiff suffered economic hardship as a result of the faltering economy. This resulted in Plaintiff falling behind on the [loan]." (Compl. ¶ 12.) Plaintiff tried to submit loan applications, but they were rejected. (*Id.*) A Notice of Default was recorded in June 2011. (RJN, Exh. B.) A Notice of Trustee's Sale was recorded in September 2011 and again in February 2013. (*Id.*, Exhs. E, F.)

In May 2012, Plaintiff filed a lawsuit ("*Takeuchi I*") against Defendants in Orange County Superior Court, alleging wrongful foreclosure and related claims. (*See Takeuchi v. Freddie Mac Multiclass Certificates Series 3484* ("*Takeuchi I*"), SACV 12-1297 AG (ANx), Dkt. No. 1.) Defendants removed the case. (*Id.*) This Court dismissed the case in September 2012 after Defendants filed a motion to dismiss, Plaintiff failed to oppose the motion, and Plaintiff failed to comply with other pretrial orders. (*Id.*, Dkt. No. 10.) The Court entered judgment against Plaintiff and in favor of Defendants in October 2012. (*Id.*, Dkt. No. 12.)

Plaintiff filed *this* lawsuit in March 2013 in Orange County Superior Court. (Notice of Removal, Dkt. No. 1.) It was removed to federal court, and transferred from another judge to this Court because it is related to *Takeuchi I*. (*Id.*; Order re Transfer, Dkt. No. 15.)

## PRELIMINARY MATTERS

Defendants ask the Court to take judicial notice of eight documents recorded in the official records of the Orange County Clerk-Recorder's Office, the Orange County Superior Court, or the federal courts. (*See* RJN, Exhs. A-K.) These documents are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-0636 AG (ANx) | Date | August 21, 2013 |
|---|---|---|---|
| Title | HIROYUKI TAKEUCHI v. FREDDIE MAC MULTICLASS CERTIFICATES, SERIES 3484, et al. | | |

appropriate for judicial notice because they are public records. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (holding that courts may take judicial notice of "*undisputed* matters of public record," but generally may not take judicial notice of "*disputed* facts stated in public records"). The Court GRANTS the request to take judicial notice of these documents, but not for the truth of the facts they assert.

**LEGAL STANDARD**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Pollard v. Geo Group, Inc.*, 607 F.3d 583, 585 n.3 (9th Cir. 2010).

In a foreclosure-related case, the Ninth Circuit stated that "[c]omplaints need only allege facts with sufficient specificity to notify defendants of plaintiffs' claims." *Balderas v. Countrywide Bank, N.A.*, 664 F.3d 787, 790 (9th Cir. 2011). "[S]o long as the plaintiff alleges facts to support a theory that is not factually implausible, the court's skepticism is best reserved for later stages of the proceedings when the plaintiff's case can be rejected on evidentiary grounds." *Id.* at 791 (quoting *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008)).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct at 1940 (citing *Twombly*, 550 U.S. at 556). "[A]nalyzing the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0636 AG (ANx) | Date | August 21, 2013 |
|---|---|---|---|
| Title | HIROYUKI TAKEUCHI v. FREDDIE MAC MULTICLASS CERTIFICATES, SERIES 3484, et al. | | |

sufficiency of a complaint's allegations is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Sheppard v. David Evans and Associates*, 694 F.3d 1045, 1051 (9th Cir. Sept. 12, 2012). The Ninth Circuit also addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1204 (9th Cir. 2011). The *Starr* court held that allegations "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . [and] plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* at 1216; *see also Moss v. U.S. Secret Serv.*, 10-36152, 2013 WL 674059, at *20 (9th Cir. Feb. 26, 2013) (holding that plaintiffs stated a claim because no alternative explanation "render[ed] '*implausible*' the plaintiffs' claim of viewpoint discrimination").

If the Court decides to dismiss a complaint, it must also decide whether to grant leave to amend. "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010); *see also Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) (holding that pleadings may be dismissed without leave to amend if amendment "would be an exercise in futility").

## ANALYSIS

The Court concludes that res judicata bars all of Plaintiff's, except those based on the California Homeowner Bill of Rights ("HBOR"). Plaintiff's HBOR claims fail because they do not allege violations occurring after the law took effect on January 1, 2013. Because the Court so concludes, the Court does not address Defendants' other numerous arguments that Plaintiff's claims are deficient.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0636 AG (ANx) | Date | August 21, 2013 |
|---|---|---|---|
| Title | HIROYUKI TAKEUCHI v. FREDDIE MAC MULTICLASS CERTIFICATES, SERIES 3484, et al. | | |

### 1. WHETHER PLAINTIFF'S CLAIMS ARE PRECLUDED BY RES JUDICATA

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (internal citations omitted); *Turtle Island Restoration Network v. U.S. Dept. of State*, 673 F.3d 914, 918 (9th Cir. 2012) ("[W]here claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding."). For claim preclusion to apply, there must be "(1) an identity of claims; (2) a final judgment on the merits; and (3) privity between parties." *Turtle Island*, 673 F.3d at 917 (internal quotation marks omitted).

In this case, the second and third elements are easily satisfied. *Takeuchi I* resulted in a final judgment on the merits because it was dismissed without leave to amend, and judgment was entered. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (holding that a dismissal, except one for lack of jurisdiction or failure to join a party, is an "adjudication on the merits" for the purpose of res judicata analysis). There is privity of parties because the parties in *Takeuchi I* and this case are exactly the same.

That leaves the first element, whether there is an "identity of claims." Courts may consider four factors in determining whether there is an "identity of claims":

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* at 917-18 (citing *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). The fourth factor is the most important. *Id.* at 918.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0636 AG (ANx) | Date | August 21, 2013 |
|---|---|---|---|
| Title | HIROYUKI TAKEUCHI v. FREDDIE MAC MULTICLASS CERTIFICATES, SERIES 3484, et al. | | |

Analysis of this element is different for Plaintiff's HBOR-based claims than for Plaintiff's non-HBOR claims. For the non-HBOR claims, this element is satisfied. The non-HOBR claims arise out of the same "transactional nucleus of facts," that is, Defendants' efforts to foreclose on the Property because he failed to make his loan payments. The non-HOBR claims also involve the alleged infringement of the same rights regarding the foreclosure process, and the evidence is substantially the same. The Court therefore finds that Plaintiff's non-HOBR claims are barred by claim preclusion.

The answer is less clear for Plaintiff's HOBR claims. Although they arise out of the same "transactional nucleus of facts," Plaintiff could not have asserted them in *Takeuchi I* because the HOBR did not take effect until after *Takeuchi I* was dismissed. Ninth Circuit law appears to be unsettled regarding whether such a change in law creates an exception for claims that would otherwise be precluded by res judicata, and the parties have not cited any applicable federal law on this issue.

Federal courts generally find that a "change in the controlling principles of law ordinarily does not warrant denial of claim preclusion." 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. and Proc. Juris. § 4415 (2d ed. 2013) (Exceptions to Claim Preclusion Rules Chapter); *see, e.g., Roche Palo Alto LLC v. Apotex, Inc.*, 531 F.3d 1372, 1380-81 (Fed. Cir. 2008) ("[T]here is no 'change of law' or fairness exception to prevent application of claim preclusion."); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) ("As a general rule, changes in law do not prevent the application of res judicata."). A 1993 Ninth Circuit case suggested there might be "a traditional exception to res judicata 'where between the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situation.'" *Clifton v. Attorney Gen. of State of Cal.*, 997 F.2d 660, 663 (9th Cir. 1993) (quoting *State Farm v. Duel,* 324 U.S. 154, 162 (1945)). But more recently the Ninth Circuit has dodged the question, which suggests there is no accepted exception based on change of law. *See Paulo v. Holder*, 669 F.3d 911, 918-19 (9th Cir. 2011) (stating that there was no change in law, so "even assuming change of law is an exception to res judicata, it is not applicable here"). Considering the apparent uncertainty in Ninth Circuit law and the fact

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0636 AG (ANx) | Date | August 21, 2013 |
|---|---|---|---|
| Title | HIROYUKI TAKEUCHI v. FREDDIE MAC MULTICLASS CERTIFICATES, SERIES 3484, et al. | | |

that the parties have not provided any definitive authority, the Court assumes without deciding that the HOBR claims are not precluded by res judicata.

Thus, the Court GRANTS the Motion as to the non-HOBR claims.

**2.      WHETHER THE HOBR IS RETROACTIVE**

Even if Plaintiff's HOBR claims are not precluded by res judicata, they are not viable because the HOBR does not retroactively apply to the wrongs Plaintiff alleges. The HOBR did not take effect until January 1, 2013 and the parties have not identified any provisions stating that it is retroactive. The California Civil Code states: "No part of it is retroactive, unless expressly so declared." "California courts comply with the legal principle that unless there is an 'express retroactivity provision, a statute will *not* be applied retroactively unless it is *very clear* from extrinsic sources that the Legislature . . . must have intended a retroactive application.'" *Myers v. Philip Morris Companies, Inc.*, 28 Cal. 4th 828, 841 (2002) (quoting *Evangelatos v. Superior Court*, 44 Cal.3d 1188, 1209 (1988) (emphasis added by the *Myers* Court)).

Multiple courts have already concluded that the HOBR does not apply to actions that took place before January 1, 2013. *See Emick v. JPMorgan Chase Bank*, 13-CV-00340 JAM-AC, 2013 WL 3804039 (E.D. Cal. July 19, 2013) ("The HBOR became effective on January 1, 2013, and it does not apply retroactively."); *Sepehry-Fard v. Aurora Bank FSB*, 5:12-CV-00871 EJD, 2013 WL 2239820 (N.D. Cal. May 21, 2013) ("[T]he HBOR did not take effect until January 1, 2013, and 'there is no indication that the law is intended to be, or will be, applied retroactively.'") (quoting *McGough v. Wells Fargo Bank, N.A.*, C12-0050 THE, 2012 WL 5199411, at *5 n.4 (N.D. Cal. Oct. 22, 2012)); *Michael J. Weber Living Trust v. Wells Fargo Bank, N.A.*, 13-CV-00542-JST, 2013 WL 1196959 (N.D. Cal. Mar. 25, 2013) ("Plaintiff cannot succeed on its 'robo-signing' claim [under the HBOR], since it applies to actions that allegedly occurred before January 1[, 2013]."); *McGough*, 2012 WL 5199411, at *5 n.4 ("[T]here is no indication that the [HBOR] is intended to be, or will be, applied retroactively.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0636 AG (ANx) | Date | August 21, 2013 |
|---|---|---|---|
| Title | HIROYUKI TAKEUCHI v. FREDDIE MAC MULTICLASS CERTIFICATES, SERIES 3484, et al. | | |

Plaintiff's argument that the HBOR applies retroactively focuses on a single word in the Senate Rules Committee's conference report for SB 900. This report states that the HBOR would "*clarify* that no entity shall initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust." S. Rules Comm., Committee Report for 2011 California Senate Bill No. 900, 2011-2012 Regular Session (2012) (emphasis added). Plaintiff concludes from the word "clarify" that the rules enacted by the HBOR were "the law all along." (Plaintiff's Opposition, Dkt. No. 13, at 6:14-15.) The ambiguous use of the word "clarify" does not even come close to making it "*very clear* from extrinsic sources that the Legislature . . . must have intended a retroactive application.'" *Myers*, 28 Cal. 4th at 841. Because the Court concludes that the HOBR is not retroactive, Plaintiff must allege violations occurring after January 1, 2013. The Court is not aware of any such allegations. Thus, the Court GRANTS the Motion as to the HOBR claims.

### 3. WHETHER LEAVE TO AMEND SHOULD BE GRANTED

The Court dismisses the non-HOBR claims without leave to amend. Because the non-HOBR claims are precluded by res judicata, an amended pleading "could not possibly cure the deficiency." *Telesaurus VPC*, 623 F.3d at 1003. On the other hand, it is possible that Plaintiff could allege violations of the HOBR that have occurred since January 1, 2013. The Court therefore dismisses Plaintiff's HOBR claims with leave to amend. If Plaintiff chooses to file an amendment, he must do so within 14 days of this Order and he file (1) a red-lined copy of his amended pleading, which identifies the changes made to the original Complaint and (2) a clean copy of the amended pleading. Any amended complaint not complying with these requirements will be summarily dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-0636 AG (ANx) | Date | August 21, 2013 |
|---|---|---|---|
| Title | HIROYUKI TAKEUCHI v. FREDDIE MAC MULTICLASS CERTIFICATES, SERIES 3484, et al. | | |

## DISPOSITION

The Motion is GRANTED. Plaintiff may amend some of his claims. If he chooses to do so, he must file the amendment within 14 days of this Order and it must be accompanied by the documents listed in Section 3 of this Order.

                                                                           :    0

                                          Initials of Clerk    ts for lmb